**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRONTLINE FABRICS, INC.,<br>Plaintiff,<br>v.<br>GULIPEK KUMAS VE IPLIK VE, et al.,<br>Defendants. | Civil Action No.2:25-cv-07342-KSM |

**DECLARATION OF SUSAN M. LEMING IN SUPPORT OF**
**DFENDANT TD BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I, Susan M. Leming, hereby declares as follows:

1. I am a Partner at Brown & Connery, LLP, and counsel for Defendant TD Bank, N.A. ("TD Bank"). I am familiar with the facts and circumstances set forth in this declaration.

2. Pursuant to the Section II.B.1. of the Policies and Procedures of the Honorable Karen Spencer Marston, I initiated a telephone conference with Plaintiff's counsel to discuss Plaintiff's claims against TD Bank. On March 5, 2026, I spoke, via telephone conference, with David Osborne, counsel for Plaintiff, about the two counts asserted against TD Bank. We discussed TD's position that the claims are ripe for dismissal as under well-established case law a bank does not owe a duty to a noncustomer. Mr. Osborne requested that TD Bank provide to Plaintiff the legal authority for its position. I agreed to forward the legal authority to facilitate further discussions about the claims asserted against TD Bank.

3. Counsel also discussed, during the same telephone conference, that additional time to engage in the meet and confer process, and further discuss the claims at issue, would be

beneficial. Subsequently, a stipulation extending time for TD Bank to respond to Plaintiff's Complaint was submitted to the Court on March 12, 2026. The Court signed the Stipulation granting the extension for TD Bank to respond to the Complaint by April 13, 2026. (ECF No. 15).

4. On March 20, 2026, I forwarded, via email, a summary of TD's legal position with respect to Plaintiff's claims as alleged in the Complaint, and attached opinions of the supporting legal authority. I also invited counsel for a subsequent discussion to discuss Plaintiff's claims and dispositive motion practice.

5. I followed up with counsel on March 26, 2026, but received no response.

6. On April 1, 2026, I telephoned Mr. Osborne. Mr. Osborne indicated he had not yet reviewed the authority sent on behalf of TD Bank. Counsel indicated he was focused on the arbitration and thought that "iced" the claims as to TD Bank. After revisiting the Court's Order, Mr. Osborne stated that he would review the opinions that I sent to him on behalf of TD Bank, and that he would provide a response by the following day.

7. Having received no response from Plaintiff's counsel, I called Mr. Osborne the afternoon of April 2nd. Mr. Osborne indicated that Plaintiff would not be dismissing TD Bank from the case and would be proceeding with its claims. He also added that "a lot of it would be borne out in discovery." I asked if Plaintiff had authority upon which it was relying upon in proceeding with their claims against TD Bank. Mr. Osborne said he was intending to send an email response but had not yet been able to get to it. I inquired as to whether Plaintiff would consider a stay as to the claims against TD Bank given the parallel arbitration proceeding between Plaintiff and Truist Bank. Mr. Osborne said Plaintiff would proceed on parallel tracks.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed this 13th day of April, 2026

By: *s/Susan M. Leming*

Susan M. Leming
**BROWN & CONNERY**
360 North Haddon Avenue
Westmont, NJ 08108
Phone: (856) 854-8900
Facsimile: (856) 858-4967
sleming@brownconnery.com